UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA BELLER, a minor by his next friend and mother, MELISSA WELCH, and MELISSA WELCH, Individually, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:03-cv-00889-TWP-TAB<br>) |
| HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, INDIANA, d/b/a Wishard Memorial Hospital d/b/a Wishard Ambulance Service, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL**

This matter is before the Court on Defendant's Motion for Reconsideration or, in the Alternative, to Certify the Order for Interlocutory Appeal of this Court's June 17, 2011 Order on Motion for Summary Judgment (Dkt. #135). *See Beller ex rel. Welch v. Health and Hosp. Corp. of Marion Cnty., Ind.*, 2011 WL 2462119 (S.D. Ind. June 17, 2011). The dispute in this matter arises out of allegations that Defendant Health and Hospital Corporation of Marion County, Indiana d/b/a Wishard Memorial Hospital d/b/a Wishard Ambulance Service ("Wishard") violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, by failing to stabilize Plaintiffs Melissa Welch[1] and her minor son, Joshua Beller, ("Plaintiffs") during an emergency medical situation as required under the EMTALA.

On June 17, 2011, this Court issued an Order denying Wishard's Motion for Summary Judgment. *See* Dkt. #128. The Court found that there was a genuine dispute as to a material

---

[1] Plaintiff Melissa Welch is suing Defendant individually and on behalf of her minor son, Joshua Beller.

1

issue of fact about whether the Plaintiffs came to the hospital's emergency department as defined by the EMTALA. Wishard now moves for reconsideration of the Court's Order or, in the alternative, to certify the Order for interlocutory appeal. Wishard argues that the Court's ruling denying summary judgment contradicts well-settled Seventh Circuit precedent, and the Court should reconsider its Order and find that Wishard is entitled to summary judgment as a matter of law. Upon reconsideration, the Court concludes that it erred in applying the law in light of Seventh Circuit precedent. The Defendant's Motion for Reconsideration, or in the Alternative, to Certify the Order for Interlocutory Appeal (Dkt. #135) is **GRANTED**, and Wishard is entitled to summary judgment as a matter of law.[2]

## I. BACKGROUND

The Court denied Wishard's previous summary judgment motion and found that there was "a genuine dispute as to the material issue of fact of whether Plaintiffs had 'come to the emergency department' on June 14, 2001" pursuant to the EMTALA. *See Beller*, 2011 WL 2462119, at *4. On August 1, 2011, Wishard filed a motion for reconsideration on the issue of whether the 2003 amendment to 42 C.F.R. § 489.24 retroactively applies in this case. The Court incorporates by reference the undisputed facts recounted in its June 17, 2011 Order. *See id.* at *1-*6.

## II. LEGAL STANDARD

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Accordingly, a court will entertain a motion for reconsideration only "when the court has misunderstood a party, where the court has made a

---

[2] Given the Court's ruling herein, the Defendant's alternative request for certification of the Court's Order for interlocutory appeal is moot.

decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not reasoning), where a significant change in the law occurred, or where significant new facts have been discovered." *Nerds on Call, Inc. (Ind.) v. Nerds on Call, Inc. (Cal.)*, 598 F. Supp. 2d 913, 916 (S.D. Ind. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Motions for reconsideration "essentially enable[] a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). However, a motion for reconsideration should not serve as the occasion to tender new legal theories for the first time. *Publishers*, 762 F.2d at 561. Whether to grant reconsideration is committed to the sound discretion of the court. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

### III. DISCUSSION

This case turns on whether the 2003 amendment to 42 C.F.R. § 489.24 applies retroactively. Wishard argues that there is no genuine issue of material fact and this question presents a pure question of law to be decided by the Court. Specifically, Wishard contends that the 2003 amendment, adopted by the Department of Health and Human Services ("DHHS"), clarifying the term "comes to the emergency department" applies retroactively, and as such, Plaintiffs cannot maintain a claim under the EMTALA. Accordingly, Wishard urges the Court to grant summary judgment in its favor. In support of this argument, Wishard has cited to Seventh Circuit case law recognizing that an agency's regulation or rule that clarifies an unsettled or confusing area of law may be applied retroactively. *See e.g.*, *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971 (7th Cir. 2004); *Clay v. Johnson*, 264 F.3d 744 (7th Cir. 2001). Plaintiffs counter that the Court should uphold its ruling denying summary judgment in *Beller*,

3

arguing that the 2003 amendment may not be applied retroactively for several reasons. Because Wishard has identified a potential manifest error of law with the Court's ruling in *Beller* and the issue of whether the 2003 amendment applies retroactively is potentially dispositive in this case, the Court must consider the merits of Wishard's motion.

**I.        Defendants are entitled to summary judgment as a matter of law**

   **a.        Emergency Medical Transportation and Active Labor Act**

Before addressing the parties' respective arguments on this issue, a review of the duties imposed by the EMTALA on federally funded hospitals is instructive. The EMTALA was enacted by Congress to address the problem of "patient dumping," *see Johnson v. Univ. of Chi. Hosps.*, 982 F.2d 230, 233 n.7 (7th Cir. 1993), where hospitals transferred indigent patients from one hospital to the next hospital while their emergency medical conditions worsened. *See* 42 U.S.C. § 1395dd(a)-(c). In an effort to curb this troublesome practice, the EMTALA imposed two duties on federally funded hospitals when an individual "comes to the emergency department." *See id.* at § 1395dd(a)-(b). First, when an individual comes to the emergency department, the hospital must provide medical screening to the patient for any emergency medical condition. *Id.* at § 1395dd(a). Second, if an emergency condition exists, the patient may not be transferred to another hospital or discharged until he has received stabilizing treatment. *Id.* at § 1395dd(b). However, if an individual does not "come to the emergency department" of a given hospital under the meaning of the EMTALA, the hospital owes no duty to stabilize the patient. *See McCullum v. Silver Cross Hosp.*, 2001 WL 1516731, at *3 (N.D. Ill. Nov. 28, 2001) (stating that in order for a plaintiff to establish a violation of the EMTALA, he must show that the hospital is subject to the statute).

**b.      The DHHS' interpretation of the term "comes to the emergency department"**

In order for Plaintiffs to maintain a claim under the EMTALA, Plaintiffs must show that they came to Wishard's emergency department in accordance with the EMTALA. *See* Dkt. #81 at 15. The parties disagree on which interpretation of the DHHS term "comes to the emergency department" applies in the present case.[3] Wishard argues that the 2003 amendment to the EMTALA should be applied retroactively because it was a clarification of the DHHS' 2001 interpretation of the term "comes to the emergency department" as it relates to hospital-owned ambulances. *See First Nat'l Bank of Chi. v. Standard Bank & Trust*, 172 F.3d 472, 478 (7th Cir. 1999). Plaintiffs contend that the 2003 amendment was not a mere clarification to the DHHS' 2001 regulation, but a substantive change to the regulation that precludes any retroactive effect; therefore, DHHS' 2001 interpretation of the term should apply. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208-09 (1988).

In order to determine whether the Final Rule incorporated by the DHHS in 2003, *see* 68 Fed. Reg. 53222 (Sept. 9, 2003), is a "clarification amendment" instead of a substantive change to a regulation, it is important to first analyze the effective agency regulation at the time the events at the center of the litigation took place. On June 14, 2001, the DHHS regulation in effect formally interpreted the term "comes to the emergency department" as follows:

> *Comes to the emergency department* means, with respect to an individual requesting an examination or treatment, that the individual is on the hospital property…property includes ambulances owned and operated by the hospital, even if the ambulance is not on hospital grounds.

42 C.F.R. § 489.24 (2000) (hereinafter, the "2001 Regulation") (emphasis added).    On October 1, 2003, the DHHS amended 42 C.F.R. § 489.24 by adopting Final Rule 53222 to EMTALA

---

[3] Both parties agree, however, that this Court should defer to DHHS' interpretation of the statute. *See* Dkt. 58 at 14; Dkt. 81 at 17.

through its rulemaking authority. The relevant section of the amended Final Rule under § 489.24 states as follows:

> [A]n individual in an ambulance owned and operated by the hospital is *not considered to have "come to the hospital's emergency department" if*—(1) The ambulance is operated under the communitywide emergency medical service (EMS) protocols that direct it to transport the individual to a hospital other than the hospital that owns the ambulance; for example, to the closest appropriate facility. In this case, the individual is considered to have come to the emergency department of the hospital to which the individual is transported, at the time the individual is brought onto hospital property;…

42 C.F.R. § 489.24(b)(3)(i) (2003 amended) (hereinafter, the "2003 Regulation").

Wishard contends that it is an undisputed fact that on June 14, 2001, the Wishard-owned ambulance was operating under a communitywide emergency medical service ("EMS") protocol when it took the Plaintiffs to St. Francis Beech Grove Hospital. (*See* Dkt. #128 at 4.) Because the Plaintiffs must as a prerequisite establish that Wishard failed to stabilize them when they were on hospital property (i.e. within Wishard's ambulance) in violation of the Act, a finding that the 2003 Regulation applies to the facts of the case is fatal to Plaintiffs' EMTALA claim. Wishard relies on the Seventh Circuit's decision in *Treadway* in support of its argument that that the 2003 Regulation was a clarification amendment delineating the reach of the EMTALA as it applies to hospital-owned ambulances. Plaintiffs argue that *Treadway* is distinguishable because the 2003 Regulation was a clear substantive change to 42 C.F.R. § 489.24, which precludes its retroactive application. *Georgetown Univ. Hosp. v. Bowen*, 821 F.2d 750, 758 (D.C. Cir. 1987), *aff'd*, 488 U.S. 204 (1988) ("[S]ubstantive legislation will not be given retroactive effect 'unless such be the unequivocal and inflexible import of the [statutory] terms, and the manifest intention of the legislature….'") (internal quotations omitted). The Court finds that *Treadway* is controlling in this matter.

In *Treadway*, the Seventh Circuit had to consider whether an automobile dealership was a "creditor" as defined by the regulations within the Equal Credit Opportunity Act ("ECOA") promulgated by the Federal Reserve Board. *Treadway*, 362 F.3d at 978. In determining whether to classify the automobile dealer as a "creditor" under the ECOA, the court reviewed a series of regulations known as "Regulation B." *Id.* In ruling that the automobile dealership was a "creditor" under the ECOA, the Seventh Circuit applied the definition of the term "creditor" to the dealership based on a 2003 amendment to Regulation B, even though the cause of action occurred in 2001. *Id.* at 979 n.7. The court reasoned that the retroactive application of the 2003 amended regulation was appropriate because it was "not view[ed]…as a subsequent change in the regulation but merely a clarification." *Id.*

Here, like in *Treadway*, the 2003 Regulation promulgated by the DHHS can be viewed as a clarification amendment because the DHHS intended to alleviate confusion surrounding ambulances operating under EMS protocols. For example, the DHHS stated that its reason for adopting the 2003 Regulation was "to *clarify* the responsibilities of hospital-owned ambulances so that these ambulances can be more fully integrated with citywide and local community EMS procedures for responding to medical emergencies…." 68 Fed. Reg. 53222, 53224-53225 (emphasis added).[4] In addition, Plaintiffs' assertion that the 2003 Regulation is a substantive

---

[4] The DHHS further explained within its final proposed rule, which was subsequently codified under 42 C.F.R. § 489.24(3)(i) the following:

> To avoid requirements that are inconsistent with local EMS requirements, in the May 9, 2002 proposed rule, <u>we proposed to clarify</u>, at proposed revised § 489.24(b), in paragraph (3) of the definition "Comes to the emergency department", an exception to our existing rule requiring EMTALA applicability to hospitals that own and operate ambulances. We proposed to account for hospital-owned ambulances and EMTALA does not apply if the ambulance is operating under a communitywide EMS protocol that requires it to transport the individual to a hospital other than the hospital that owns the ambulance. In this case, the individual is considered to have come to the emergency department of the hospital to which the individual is transported at the time the individual is brought onto hospital property.

68 Fed. Reg. 53222, 53256 (emphasis added).

7

change, rather than a clarification, is unpersuasive given that courts accord "great weight to an agency's expressed intent as to whether a rule clarifies existing law or substantively changes the law." *First Nat'l Bank*, 172 F.3d at 478; *see also Homemakers N. Shore, Inc. v. Bowen*, 832 F.2d 408, 411 (7th Cir. 1987) (recognizing that deference to the agency's construction of its own regulation binds a court in all but extraordinary cases). Accordingly, the Court gives deference to the DHHS' interpretation of the 2003 Regulation as a clarifying amendment to 42 C.F.R. § 489.24 as it relates to hospital-owned ambulances operating under communitywide EMS protocols.

Moreover, the Court finds that the 2003 Regulation may be retroactively applied in this case because DHHS' clarification of the EMTALA's reach over hospital-owned ambulances operating under EMS protocols had been a constant source of confusion for hospitals. *See* Brian Kamoie, *EMTALA: Dedicating an Emergency Department Near You*, 37 J. HEALTH L. 41 (2004) (noting that regulations issued on September 9, 2003 by the DHHS were an "attempt to clarify issues that have vexed hospitals, patients, regulators, and courts for the eighteen years of the statute's history."); *see also Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1993) (holding that a regulation "simply clarifying an unsettled or confusing area of the law…does not change the law, but restates what the law according to the agency is and has always been"). Plaintiffs argue that the 2003 Regulation may not be applied retroactively under the Supreme Court's holding in *Bowen* when "EMTALA provides no authority to promulgate retroactive rules to the DHHS." (Dkt. #138 at 13.) Upon closer review, however, Plaintiffs' reliance on *Bowen* is misguided. In *Bowen*, the Supreme Court held that an administrative rule will have retroactive effect only if Congress expressly authorizes the agency to promulgate retroactive rules, and the rule expressly

8

states an intent to apply retroactively. *Bowen*, 488 U.S. at 208. However, *Bowen's* bar against retroactive administrative rules is inapplicable where, as here, the amendment is a clarification, rather than a legislative change. *See Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*, 297 U.S. 129, 134 (1936) (articulating that an amended regulation that constitutes a "'step in the administrative process' that does 'not[] alter the statute…is no more retroactive in its operation than is a judicial determination construing and applying a statute to a case in hand'"); *see also Nevarez v. O' Connor Chevrolet, Inc.*, 303 F. Supp. 2d 927, 938 (N.D. Ill. 2004) (applying a final rule retroactively to the case at hand, notwithstanding the fact the events giving rise to the case preceded the issuance of the ruling); *First Nat'l Bank*, 172 F.3d at 478 (finding that *Bowen* was inapplicable to bar a federal regulation when it was actually a clarification amendment). Accordingly, the Court finds that the 2003 Regulation outlining the responsibilities of hospital-owned ambulances operating under communitywide EMS protocols retroactively applies in the present case.

Lastly, Plaintiffs argue that even if the 2003 Regulation is applied retroactively, the Court should not grant summary judgment in favor of Wishard because there is no evidence to support its ambulance was operating under a communitywide EMS protocol.[5] This contention is without merit. Wishard has presented testimony by one of its employees, Charles Ford, who stated that, the "'Marion County EMS Protocols' applied to Wishard Ambulance Service and also allowed the Wishard Ambulance Service to transport an individual to hospitals other than Wishard." (Dkt. #58-5 at 2.) Additionally, the EMS protocols submitted with Wishard's summary

---

[5] Plaintiffs also argue that DHHS only intended the 2003 Regulation to have "future effect" from its effective date on November 10, 2003. However, this argument is meritless because the Plaintiffs have not supplemented their argument with any legal support. Moreover, the language cited by Plaintiffs in support of their argument is printed on the cover page of the Code of Federal Regulations, not within a codified section. The Court declines to interpret this language as evidence of DHHS' intent to give all of its regulations only future effect. Importantly, the same "future effect" language is noticeably absent on the cover page of the Federal Register.

judgment briefing expressly allows for the transportation of patients to situation-appropriate hospitals, such as hospitals with designated trauma centers or burn centers. *Id.* at 16. Moreover, Plaintiffs did not dispute this fact in their response brief in opposition to Wishard's motion for summary judgment. (*See* Dkt. #83 at 5-11.) Ultimately, the Court finds that Wishard presented sufficient evidence to establish that it was operating under a communitywide EMS protocol on June 14, 2001.

Upon reconsideration, the Court concludes that it committed an error of law when it denied Defendant's summary judgment motion without regard to the Seventh Circuit's rulings with respect to retroactive application of administrative regulations. In light of the Court's review of the law, the Court finds the 2003 Regulation is controlling and applies retroactively in regards to interpreting the term "comes to the emergency department" under 42 C.F.R. § 489.24. Furthermore, it is undisputed that Wishard's ambulance service on June 14, 2001 was operated under a communitywide EMS protocol. Additionally, as discussed previously, both parties agree that in order to maintain a claim against Wishard under the EMTALA, Plaintiffs must show that it came to the emergency department of Wishard pursuant to the Act. Because the Plaintiffs are unable to show that they came to Wishard's emergency department in light of the 2003 Regulation, Plaintiffs are unable to maintain a claim against Wishard under the EMTALA. Therefore, Defendant is entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For the reasons set forth above, Wishard's Motion for Reconsideration of the Court's Order on Motion for Summary Judgment, or in the Alternative, to Certify the Order for Interlocutory Appeal (Dkt. #135) must be **GRANTED** in regards to its motion for reconsideration. Therefore, Defendant is entitled to summary judgment as a matter of law. The Court's previous

Order on Motion for Summary Judgment (Dkt. #128) is **VACATED**. A separate judgment in Wishard's favor will follow.

SO ORDERED: 11/04/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bryan Harold Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

Mary M. Ruth Feldhake
BOSE MCKINNEY & EVANS, LLP
mfeldhake@boselaw.com

David Benjamin Honig
HALL RENDER KILLIAN HEATH & LYMAN
dhonig@hallrender.com

Gerald W. Mayer
gwmayer@sbcglobal.net

Cheryl A. Planck
ATTORNEY AT LAW
cherylplanck@att.net

Katherine N. Welch Rarick
BOSE MCKINNEY & EVANS, LLP
kwelch@boselaw.com

Christopher L. Riegler
HALL RENDER KILLIAN HEATH & LYMAN
criegler@hallrender.com

Elizabeth Ann Schuerman
BOSE MCKINNEY & EVANS, LLP
eschuerman@boselaw.com

John Francis Williams III
HALL RENDER KILLIAN HEATH & LYMAN
jwilliams@hallrender.com